UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL DiJOSEPH,

                              Plaintiff,

      v.                                           **DECISION AND ORDER**

                                                                   18-CV-919S

ERIE COUNTY,

                              Defendant.

---

## I.       Introduction

Before this Court is defendant's Motion to Dismiss (Docket No. 5) dismissing this case. Defendant also moved to incorporate certain extrinsic evidence to the Complaint for purposes of its Motion to Dismiss and alternatively moved to convert that Motion to Dismiss into a Motion for Summary Judgment (id.). Responses were due on September 25, 2018, and a reply by October 2, 2018 (Docket No. 6). Plaintiff responded to this motion (Docket No. 7) and defendant replied (Docket No. 8). The motion was submitted without oral argument.

For the reasons stated herein, defendant's Motion to Dismiss (Docket No. 5) is **granted in part, denied in part**. Defendant's motion to deem the extrinsic documents as incorporated into the Complaint (id.) is **denied** as is its motion (id.) to convert the Motion to Dismiss into a Summary Judgment Motion. As for the claim that is dismissed, plaintiff is **granted leave to amend**, as discussed below. The parties below are given a schedule for serving and filing pleadings.

## II.   BACKGROUND

A. Complaint

This is a civil rights action commenced by a former Erie County Sheriff's deputy alleging violations of his due process and First Amendment free speech rights in the eventual termination of his employment (Docket No. 1, Compl.). Plaintiff alleges that he was a deputy once with the rank of sergeant but was demoted allegedly for "Facebook posts" (id. ¶¶ 5-8). Plaintiff grieved the demotion but was brought up on charges after filing the grievance (id. ¶¶ 9-10). Plaintiff then was terminated (id. ¶ 11). He alleges that the New York State Civil Service Law was not followed in his demotion and his termination was without a pre-deprivation hearing (id. ¶¶ 12-13).

Plaintiff alleges in his First Cause of Action that defendant Erie County (hereinafter Defendant or the "County") violated his rights to due process in the demotion and termination, that he was deprived a hearing due under the New York Civil Service Law (id. ¶¶ 15-24a.-c., 25-27). He claims he was also subject to additional discipline because he grieved his demotion (id. ¶ 24d.). These were in violation of 42 U.S.C. § 1983 (see id. ¶¶ 14-27). The Second Cause of Action alleges deprivation of plaintiff's speech rights, again in violation of § 1983, by his demotion for Facebook posts (id. ¶¶ 30-35).

Plaintiff does not include the posts, state who wrote or posted the items on Facebook, although in response to the County's present motion states that they were his

posts (see Docket No. 7, Pl. Memo. at page 4 of 20[1]).  The Complaint does not have any attached documents and does not state the dates when these events occurred.

      B.  Defendant's Motion to Dismiss

Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim or alternatively to convert this motion, pursuant to Rule 12(d) into a motion for summary judgment (Docket No. 5, Def. Notice of Motion).  The County submits additional material—a filed grievance in August 2015 and its purported settlement agreement; the collective bargaining agreement for the Sheriff's deputies; and notices to plaintiff placing him on leave without pay and then terminating him (id., Def. Atty. Decl. Exs. A-C)—beyond what was attached to the Complaint and moves to deem these items to be included with the Complaint (id., Def. Notice of Motion).  In support of its motion, the County's attorney submits her Declaration alleging facts with citations to the Complaint and the proposed County exhibits (id., Def. Atty. Decl.)  There, defense counsel notes that, from her inspection of personnel records, plaintiff did not seek to return to work on August 23 to 24, 2016, or (after August 23, 2016) request a hearing regarding his termination (id. ¶¶ 17, 18).

The County argues that these extrinsic documents should be considered with the Complaint on defendant's motion to dismiss (id., Def. Memo. at 4-6).  The County then moves to dismiss the First[2] Cause of Action that plaintiff was accorded written notice (citing to defense exhibits) that he was being placed on leave without pay under New York

---

    [1]But see W.D.N.Y. Loc. Civ. R. 10(a)(5) requiring papers presented for filing be consecutively numbered.

    [2]Erroneously called the Second Cause of Action, No. 5, Def. Memo. at 6; see also Docket No. 8, Def. Reply Memo. at 3 (repeating error calling due process claim the "Second Cause of Action").

Civil Service Law § 73 for one year prior to termination (id. at 6-8; id., Def. Atty. Decl. Ex. C). Then the County contends that plaintiff did not allege that he sought to return to work after receiving these notices (id., Def. Memo at 8), effectively abandoning the position. Next, the County contends that plaintiff's former position was governed by the collective bargaining agreement between the Sheriff's Office and the deputies and not by New York Civil Service Law § 75; thus, the process due plaintiff arose exclusively from the terms of the collective bargaining agreement (id. at 9-10). The County also argues that plaintiff has failed to allege a substantive due process violation, that as a public officer the alleged omissions in his demotion, the lodging of post-grievance charges, and termination did not shock the conscience to state a substantive due process claim (id. at 10-11).

The County also seeks dismissal of the Second Cause of Action for violation of plaintiff's free speech rights because plaintiff filed a grievance on this claim and settled that grievance, fully satisfying that claim (id. at 12; id., Def. Atty. Decl. Ex. A). For a protected speech claim by a public employee, the County argues that plaintiff needed to allege that he was speaking as a citizen addressing matters of public concern, Garcetti v. Ceballos, 547 U.S. 410, 417-18 (2006) (id., Def. Memo. at 12-13). Here, plaintiff did not allege that he was speaking as a private citizen about matters of public concern when he was demoted (id. at 13).

These arguments, however, are hinged upon the admission of exhibits attached to the County's motion to dismiss (plaintiff's grievance and settlement, the collective bargaining agreement, and notices of unpaid leave and termination) (see id. at 6, 8, 12; id., Def. Atty. Decl. Exs A-C; cf. Docket No. 7, Pl. Memo. at page 2 of 20). The notice

4

exhibits (Docket No. 5, Def. Atty. Decl. Ex. C) consist of letters to plaintiff from the Sheriff's office in September 2015 noticing that he had exhausted paid leave time and that he would be placed on leave without pay and a second notice in October 2015 stating that the leave without pay status was to expire. The third letter dated August 18, 2016, administratively terminated plaintiff (id.), while the fourth and fifth letters are the documents filing and responding to plaintiff's grievance for the termination (id).

The County, however, has not included a Rule 56 statement of facts.

Plaintiff responded (Docket No. 7), arguing that this Court should not consider the extraneous materials attached to the County's motion to dismiss. First, the attached purported settlement of plaintiff's grievance is in fact from a different grievance (id. at pages 2 and 10 of 20; cf. Docket No. 5, Def. Atty. Decl. Ex. A at 1 (grievance # 2015-25, dated Aug. 20, 2015), 2 (settlement agreement for grievance #14-108, signed May 7, 2015)). This Court cannot consider extrinsic materials in a motion to dismiss unless plaintiff relied upon them as the basis of the Complaint; plaintiff denies using any of the County's exhibits as a basis for his pleading (Docket No. 7, Pl. Memo. at pages 4 and 9-11 of 20). Plaintiff denies that Twombly[3] and Iqbal[4] require a heightened pleading (hence inclusion of exhibits plaintiff never attached) (id. at pages 6-9 of 20; cf. Docket No. 5, Def. Memo. at 3; Docket No. 8, Def. Reply Memo. at 8). He argues that the County offers no explanation why these documents are integral to his Complaint (Docket No. 7, Pl. Memo.

---

[3] Bell Atl. Corp. v. Twombly, 550 U.S. 554 (2007).

[4] Ashcroft v. Iqbal, 556 U.S. 662 (2009).

5

at page 9 of 20), he concludes these exhibits should not be considered in this motion or as part of the Complaint (id. at page 10 of 20).

Plaintiff then argues that the County has not shown that the collective bargaining agreement replaced protections under Civil Service Law § 75 (id. at pages 11-13 of 20).

The County replies (Docket No. 8) that the wrong grievance settlement was attached with its motion (id. at 2; see id., Aff. of John Greenan ¶¶ 4-5). The grievance was the true and accurate copy of plaintiff's grievance of the demotion from sergeant, but the settlement was for another matter (id., Def. Reply Memo. at 2). The County contends that plaintiff's response did not oppose that he grieved his demotion, that his termination was governed by the collective bargaining agreement, and that he received notices leading to (and announcing) his termination; therefore, these documents should be considered with defendant's motion to dismiss (id. at 3).

The County replies that plaintiff needs to plead sufficient facts to state a claim to satisfy Iqbal and Twombly, not that plaintiff had a heightened pleading standard (id. at 8), and plaintiff had not so stated his claim (see id.).

### III. DISCUSSION

#### A. APPLICABLE STANDARDS

##### 1. Motion to Dismiss

Defendant has moved to dismiss the Complaint on the grounds that it states a claim for which relief cannot be granted (Docket No. 5, Notice of Motion). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in

6

support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  As the Supreme Court held in Bell Atlantic Corp. v. Twombly, supra, 550 U.S. 554, a Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46); Hicks v. Association of Am. Med. Colleges, No. 07-00123, 2007 U.S. Dist. LEXIS 39163, at *4 (D.D.C. May 31, 2007).  To survive a motion to dismiss, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level," Twombly, supra, 550 U.S. at 555; Hicks, supra, 2007 U.S. Dist. LEXIS 39163, at *5.  As recently reaffirmed by the Court in Ashcroft v. Iqbal, supra, 556 U.S. 662,

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Twombly, supra, 550 U.S.] at 570 . . . .  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556 . . . .  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Ibid.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'  Id., at 557 . . . (brackets omitted)."

Iqbal, supra, 556 U.S. at 678 (citations omitted).

A Rule 12(b)(6) motion is addressed to the face of the pleading.  The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference.  Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985).  In considering such a motion, the Court must accept as true all the well pleaded facts alleged in the Complaint.  Bloor v. Carro, Spanbock, Londin, Rodman & Fass,

754 F.2d 57 (2d Cir. 1985). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

" '[W]hen matters outside of the pleadings are presented in response to a 12(b)(6) motion,' a district court must either 'exclude the additional material and decide the motion on the complaint alone' or 'convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material,'" Friedl v. City of N.Y., 210 F.3d 79, 83 (2d Cir. 2000) (quoting Fonte v. Board of Managers of Continental Towers Condominium, 848 F.2d 24, 25 (2d Cir. 1988)). If, as here, materials outside the pleadings are presented in a Rule 12(b) motion, and are not excluded by the Court, "the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all material that is pertinent to the motion," Fed. R. Civ. P. 12(d). Courts enjoy "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it," 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1366, at 159 (3d ed. 2004). Courts will exercise this discretion and convert the motion when the proffered material "is likely to facilitate the disposition of the action," id. at 165.

    2. Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). A fact is "material" only if it "might affect the outcome of the suit under governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A "genuine" dispute, in turn, exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party," id. In determining whether a genuine dispute regarding a material fact exists, the evidence and the inferences drawn from the evidence "must be viewed in the light most favorable to the party opposing the motion," Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970) (internal quotations and citations omitted).

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the nonmovant. Ford, supra, 316 F.3d at 354.

The Local Civil Rules of this Court require that movant and opponent each submit "a separate, short, and concise" statement of material facts, and if movant fails to submit such a statement it may be grounds for denying the motion, W.D.N.Y. Loc. Civ. R. 56(a)(1), (2). The movant is to submit facts in which there is no genuine issue, id. R. 56(a)(1), while the opponent submits an opposing statement of material facts as to which it is contended that there exists a genuine issue to be tried, id. R. 56(a)(2). Each numbered paragraph in the movant's statement will be deemed admitted unless

specifically controverted by a correspondingly numbered paragraph in the opponent's statement, id.  Absent such an opposing statement, the facts alleged by the movant are deemed admitted.  Each statement of material fact is to contain citations to admissible evidence to support the factual statements and all cited authority is to be separately submitted as an appendix to that statement, id. R. 56(a)(3).

### B.  Extrinsic Materials and Motion to Dismiss

This motion (and its alternatives) generally can be addressed on procedural grounds and not reach the substance of either defenses or claims.  The County's defenses center on the exhibits it wants included as intrinsic with the Complaint.  These documents provide the defenses raised in this motion.  Absent these documents, defendant's motion to dismiss or for summary judgment generally fails.

The County argues that this Court should incorporate its exhibits into the Complaint because the County believes they are integral to that pleading (Docket No. 8, Def. Reply Memo. at 2; Docket No. 5, Def. Memo. at 5-6).  Plaintiff, however, needed to rely upon the terms and effect of these documents before they can be incorporated when plaintiff chose not to include them in his Complaint, see Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (Docket No. 7, Pl. Memo. at page 10 of 20).  The County rests upon I. Meyer Pincus & Associates, P.C. v. Oppenheimer & Co., Inc., 936 F.2d 759, 762 (2d Cir. 1991) (motion to dismiss or for summary judgment), to support incorporation (Docket No. 8, Def. Reply Memo. at 2-3; cf. Docket No 5, Def. Memo. at 5 (intending to reference this case)).  I. Meyer Pincus was a securities action in which the prospectus (marginally referenced in the Complaint) was deemed "integral to the complaint," id., and the claims alleged were based "only on an alleged written misrepresentation appearing

within the prospectus, plaintiff alleges no misrepresentations stemming from any other source," id. (emphasis in original).  The Second Circuit then "declined to close our eyes to the contents of the prospectus and to create a rule permitting a plaintiff to evade a properly argued motion simply because plaintiff has chosen not to attach the prospectus to the complaint or to incorporate it by reference," id. (citing Field v. Trump, 850 F.2d 938, 949 (2d Cir. 1988), cert. denied, 489 U.S. 1012 (1989); Furman v. Cirrito, 828 F.2d 898, 900 (2d Cir. 1987); 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1327, at 489 & n.15 [edition and date not stated]).

      Federal Rule of Civil Procedure 10(c) authorizes incorporation of a written instrument attached as an exhibit to a pleading, Fed. R. Civ. P. 10(c).  This provision "is permissive only, and there is no requirement that the pleader attach a copy of the writing on which his claim for relief or defense is based," 5A Charles A. Wright, Arthur R. Miller, & A. Benjamin Spencer, Federal Practice & Procedure § 1327, at 291 (2018).  "On the other hand, when the plaintiff fails to introduce a pertinent document as part of her pleading, the defendant may be permitted to introduce the document as an exhibit to a motion attacking the sufficiency of the pleading if the plaintiff has referred to the item in the complaint and it is central to the affirmative case," id. at 291-92.  Where plaintiff relies upon the document in drafting the pleading, the defendant also may incorporate the document into its Rule 12(b)(6) motion, Chambers, supra, 282 F.3d at 153; the Second Circuit in Chambers emphasized the plaintiff's reliance upon the document to justify incorporation, id.  Otherwise, consideration of extraneous material in a motion to dismiss is harmful to the plaintiff because he lacks notice that the material may be considered, id.; Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991), since motions

to dismiss focus on the four corners of the Complaint.  This Court thus has the discretion to allow a defendant (while moving to dismiss) to, in effect, amend their opponent's pleading by adding exhibits not included with the Complaint.

The County has not moved under Rule 12(e) for a more definite statement alleging the Complaint is incomplete and the County's exhibits fill the pleading gaps.  Instead, the County moves to dismiss for plaintiff's failure to state a claim as supplemented by its exhibits.  Although the Complaint is bare bones and elements are missing (as will be discussed below), it meets Rule 8(a) requirements for making a short and plain statement of the grounds for relief, Fed. R. Civ. P. 8(a)(2), without the necessity to incorporate documents.

Unlike the prospectus in I. Meyer Pincus required to allege securities law claims and referenced in the pleading, see supra, 936 F.2d at 760-61 (alleging that the prospectus contained a single material misrepresentation in violation of securities laws), plaintiff here alleges his demotion, his grievance against that demotion, and his termination in the Complaint without reliance upon the documents manifesting these acts.  He does not invoke the terms of the collective bargaining agreement for the conduct of the demotion and termination; plaintiff's First Cause of Action rests upon New York Civil Service Law § 75 (Docket No. 1, Compl. ¶¶ 21, 23, 24c.).  As plaintiff points out (Docket No. 7, Pl. Memo. at page 10 of 20) the accuracy of those exhibits has not been tested.  The County later concedes that the settlement agreement purportedly of the grievance attached as the proposed exhibit (Docket No. 5, Def. Atty. Decl. Ex. A) involved a different grievance filed by plaintiff in 2014 (id.).  Without that settlement, one defense the County raises (that plaintiff's freedom of speech claim was settled with his grievance, id., Def.

12

Memo. at 12) is eliminated absent the existence of another settlement agreement (not produced to date) settling the 2015 plaintiff's grievance. Absent plaintiff's reliance on these documents, or their necessity for plaintiff to allege his claims, this Court **declines to add extrinsic documents to the Complaint**; the County's motion (Docket No. 5) for that relief is **denied but without prejudice**. This Decision and Order does not preclude the County from including these exhibits with its Answer to support an affirmative defense or to bolster denial of plaintiff's claims or inclusion of these documents in a subsequent summary judgment motion filed after discovery.

        C. Conversion of the Motion to Dismiss into one for Summary Judgment, Rule 12(d)

As an alternative motion to convert this motion into one for summary judgment, the County's proffered extrinsic materials would be considered. Rule 12(d) makes this conversion, however, only if the Court does not exclude the extrinsic material, Fed. R. Civ. P. 12(d). This Court **declines to include these extrinsic documents for a conversion motion**. Before venturing further (and prematurely) into the substance of this case, the County's alternative motion (Docket No. 5) to convert the motion to dismiss into a summary judgment motion is **denied**.

Further, the present motion does not satisfy the requirements for a summary judgment motion. This Court's Local Rule 56(a)(2) requires the parties to submit statements of material facts and the County failed to submit one. The County only submitted its attorney's Declaration (Docket No. 5) with counsel's review of the personnel record and reply affidavit from chief of administrative services John Greenan also attesting to the contents of the personnel records (Docket No. 8, Def. Reply, Aff. of John

Greenan ¶¶ 8-9), confirming plaintiff's inaction after his termination. Plaintiff in his response (cf. Docket No. 7, Pl. Memo.) also failed to submit a counterstatement of facts or even his opposing affidavit with exhibits. Plaintiff's response memorandum (id.) addressed the County's legal arguments and did not contest facts (save the grievance settlement issue). If conversion were granted, plaintiff would have to be afforded the opportunity to present materials pertinent to a summary judgment motion, Fed. R. Civ. P. 12(d), despite the extent (if any) of discovery, see also Fed. R. Civ. P. 56(d)(1), (2).

These submissions are not a substitute for a statement of material facts that identifies for the Court and parties the facts that are at issue (if any) with citations to the record of those facts or the opponent's contrary contentions. Absent that statement, plaintiff as opposing the motion and this Court would have to speculate what might be at issue.

At this early stage in this case, where there is no pretrial schedule or discovery, converting this motion into a summary judgment motion is premature. Thus, this Court **declines to convert its motion into one for summary judgment**.

### D. Motion to Dismiss

Examining the Complaint, plaintiff alleges a cause of action asserting due process violation but not a free speech claim. As for the First Cause of Action, the only opposition that the County raises is based upon extrinsic materials that will not be considered in this motion. Under the pleading standards of Twombly and Iqbal, plaintiff has alleged plausible due process violations. Thus, the County's Motion to Dismiss (Docket No. 5) the First Cause of Action is **denied**.

As for the Second Cause of Action, plaintiff only alleges that he was demoted due to "Facebook posts" (Docket No. 1, Compl. ¶¶ 8, 33), that he was a United States citizen denied of his right of freedom of speech (id. ¶¶ 31, 33). Implied in this allegation is that these posts were plaintiff's. Plaintiff did not attach the Facebook posts. He did not expressly allege that he authored those posts.

Later, in response to this motion, plaintiff claims the posts were his (Docket No. 7, Pl. Memo. at pages 4, 17, and 19 of 20). Even in this response, plaintiff did not produce these ostensibly offending posts or discuss their contents except for reference to the grievance and the statement that he was "going home and squeeze into some tight polyester pants just to make everyone feel better" (id. at page 19 of 20, citing Docket No. 5, Def Atty. Decl. Ex. A at 1).

On a motion to dismiss, however, this Court only looks at the four corners of the Complaint, so plaintiff's responding papers (as with the County's extrinsic grievance and other papers) was not considered. As a result, plaintiff does not allege that he was the speaker that caused retaliatory action by the County. Plaintiff has not plausibly alleged that the County violated his First Amendment rights by retaliated against him for Facebook posts by not stating any context for those posts. He does not allege that the County acted arbitrarily or baselessly in demoting him for no reason.

The parties debate the applicable First Amendment standard for plaintiff's claim, whether his speech was as a public employee (see Docket No. 5, Def. Memo. at 12-13) or as a private citizen discussing anything (private or public (see Docket No. 7, Pl. Memo. at pages 17-19 of 20). Either standard requires an allegation that the plaintiff say something that caused defendant's adverse reaction, see Garcetti, supra, 547 U.S. at

15

417 (employee's right to speak as a citizen addressing matters of public concern), 419; Connick v. Meyers, 461 U.S. 138, 147 (1983); Washington v. County of Rockland, 373 F.3d 310, 320 (2d Cir. 2004) (plaintiff needed to show that speech was constitutionally protected). While a public employer "cannot condition public employment on a basis that infringes the employee's constitutionally protected interest in freedom of expression," Garcetti, supra, 547 U.S. at 413 (Docket No. 7, Pl. Memo. at page 18 of 20), the employee must allegedly have expressed something. As presently alleged, the Complaint only states the County demoted plaintiff for "Facebook posts." For a free speech claim (unlike a due process claim for arbitrary or capricious action) plaintiff needs to claim to be the speaker and that he was demoted due to his speech. He also needs to allege the subject of the posts, whether relevant to the Sheriff's Office policies or not. This allegation would determine which First Amendment standard applies. Even considering the statement referenced in his 2015 grievance (Docket No. 5, Def. Atty. Decl. Ex. A), it is not clear whether Sheriff's office policy or not is implicated. Again, from that grievance (id.), there apparently is a departmental policy on social media usage that is not part of this record and certainly was not alleged in the Complaint. Absent pleading more information, plaintiff fails plausibly to allege that his free speech rights were infringed.

Plaintiff might move for leave to amend the Complaint to allege authorship of the Facebook posts, perhaps attach copies of the posts or discuss their contents and the County's reaction. The Complaint in its current state, however, fails to allege that plaintiff spoke and thus fails to allege a First Amendment violation.

Therefore, the County's Motion to Dismiss (Docket No. 5) is **granted in part (dismissing the Second Cause of Action), denied in part (as to the First Cause of Action)**. The dismissal of the Second Cause of Action is **with leave granted for plaintiff to amend that cause of action**. The denial of dismissal of the First Cause of Action is **without prejudice**; after the County answers and discovery is conducted, the County may renew its motion (as a motion for summary judgment) and this Court will consider the substance of the County's contentions and plaintiff's claims.

## IV.   CONCLUSION

This Court denies Defendant Erie County's Motion (Docket No. 5) include extrinsic materials in the Complaint for its Motion to Dismiss (id.). The County is free to attach these items to its Answer or with subsequent papers. The County's Motion to Dismiss (Docket No. 5) thus is **denied in part (not dismissing the First Cause of Action), granted in part (dismissing the Second Cause of Action)** and the alternative Motion to convert it into a Motion for Summary Judgment (id.) is **denied**. Plaintiff is granted **leave to amend the dismissed Second Cause of Action** by the deadline set forth below. Erie County then can answer or move against the amended pleading.

## V.   ORDERS

IT IS HEREBY ORDERED, that the Defendant Erie County's Motion to Dismiss (Docket No. 5) is GRANTED IN PART, DENIED IN PART,

FURTHER, that Defendant Erie County's alternative motion to convert the motion into a Motion for Summary Judgment (Docket No. 5) is DENIED,

FURTHER, that Defendant Erie County's motion (id.) to include extrinsic documents is DENIED,

FURTHER, Plaintiff has 30 days of entry of this Order to serve and file an Amended Complaint,

FURTHER, Defendant shall serve and file its Answer to the Amended Complaint either within 14 days of service of the amended pleading or within 14 days of when an amended pleading would be due.

SO ORDERED.


Dated:      May 5, 2020
            Buffalo, New York


                                                    s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                    United States District Judge