UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL DiJOSEPH,

                    Plaintiff,

       v.                                              **DECISION AND ORDER**

                                                       18-CV-919S

ERIE COUNTY,

                    Defendant.

## I.      INTRODUCTION

       Before this Court is the second attempt of Defendant Erie County (or the "County")
to dismiss this case (Docket No. 13; cf. Docket No. 5).   The County now moves for
judgment on the pleadings, under Federal Rule of Civil Procedure 12(c); its motion for
this Court to consider extrinsic evidence pursuant to Rule 12(d); for summary judgment
under Rule 56, and for dismissal of this action for failure to state a claim under
Rule 12(b)(6) (Docket No. 13).   In support of this motion, the County submitted its
attorney's Declaration, a Memorandum of Law, and Statement of Facts (id.).   Responses
to this motion were due by July 7, 2020, with replies by July 14, 2020 (Docket No. 14).
Following responses (Docket No. 15) and reply by the County (Docket No. 16), this motion
was deemed submitted without oral argument.

       Earlier, the County moved to dismiss the original Complaint (Docket No. 5).   That
motion was denied, and Plaintiff was granted leave to amend (Docket No. 9, Decision
and Order of May 5, 2020, 2020 WL 2126976); familiarity with that Decision and Order is
presumed.   There, this Court denied the County's motion to dismiss the First Cause of

Action but dismissed without prejudice the Second Cause of Action (granting leave to Plaintiff to amend) (id. at 14, 15-17).  Plaintiff later amended the Complaint (Docket No. 10), the County answered (Docket No. 11) and filed the pending motion (Docket No. 13).

For the reasons stated herein, Defendant's present motion (Docket No. 13) to consider extrinsic evidence is **granted**, its motion to convert the pending motion for judgment on the pleadings (id.) into a summary judgment motion is **granted**, and its converted motion for summary judgment to dismiss this action for failure to state a claim (id.) is **granted**.

## II.      BACKGROUND

### A.  Complaint and Amended Complaint

This is a civil rights action pursuant to 42 U.S.C. § 1983 commenced by a former Erie County Sheriff's deputy alleging violations of his due process and First Amendment rights in the eventual termination (Docket No. 10, Am. Compl.; see also Docket No. 1, Compl.).  Following denial of the County's motion (Docket No. 5) to dismiss (Docket No. 9, Decision & Order), Plaintiff duly amended his Complaint (Docket No. 10) and alleges that he was a deputy with the rank of sergeant who was demoted for his Facebook posts (Docket No. 10, Am. Compl. ¶¶ 5-8).  Plaintiff grieved the demotion (id. ¶ 9).  Defendant then brought charges against Plaintiff and later terminated him (id. ¶¶ 10-11).  Plaintiff claims that the New York State Civil Service Law was not followed in his demotion or termination (because he was denied a pre-deprivation hearing) (id. ¶¶ 12-13).

Plaintiff now alleges in the First Cause of Action that the County violated his right to due process in his demotion and termination, that he was deprived of a hearing due

under the Civil Service Law (id. ¶¶ 15, 21-27).  He claims a property interest in his continued employment (id. ¶ 18).  He also alleges that Sheriff Timothy Howard and Superintendent Thomas Diina (head of Jail Management Division) were officers of the County (id. ¶¶ 20, 19).  He argues that his demotion did not comport with the process due under Civil Service Law § 75 (id. ¶¶ 21, 23, 25-26).  Defendant, through Superintendent Diina and Sheriff Howard, deprived Plaintiff of his property interest in his continued employment (id. ¶ 24 a.-d.).

The Second Cause of Action alleges that the County violated Plaintiff's free speech rights by demoting him for his Facebook posts (id. ¶¶ 29-48).  In disciplining and demoting Plaintiff, the County did not identify which Facebook post was referred to in the notice of discipline (id. ¶¶ 33, 40).  Plaintiff, however, did not attach with the Amended Complaint the notice of discipline or his Facebook posts and he does not surmise which were the allegedly offending posts.  Plaintiff admits that he authored these posts (id. ¶ 38)[1] although none of these posts identified Plaintiff as a Sheriff's deputy or referred to the County (id. ¶¶ 43, 44).  The County also did not identify "a putatively lawful reason for" Plaintiff's demotion (id. ¶ 45) and Plaintiff denies that the County had a lawful justification for the demotion (id. ¶ 46).

Plaintiff demands past lost wages and benefits; damages for his pain, suffering, loss of enjoyment of life, humiliation, and other injuries; reimburse medical costs Plaintiff incurred due to stress; and recovery of costs and attorneys' fees (id., WHEREFORE Cl.

---

[1]This cures the defect noted in the original Complaint, see Docket No. 9, Decision & Order at 15-16, 2020 WL 2126976, at *7-8.

¶¶ A, B, C, D).  He also wants reinstatement on the Sheriff's Department payroll at his former title with reinstatement of pension and health care status (id. Cl. ¶¶ E, F [first]).

Erie County answered the Amended Complaint (Docket No. 11).  There, the County denied hiring, demoting, or terminating Plaintiff, claiming that Sheriff Howard did (id. ¶¶ 2, 6, 7, 8, 9, 10, 11, 12, 13).  Among the affirmative defenses asserted, the County argues that this case should be dismissed because a necessary party, Sheriff Howard, was not named as a defendant (id. ¶ 15).  The County also claimed that the Amended Complaint fails to state a claim (id. ¶ 19).  The County also alleged that Plaintiff's claims are time-barred (id. ¶¶ 16-18).

On June 16, 2020, this Court referred this case to Magistrate Judge Michael Roemer for pretrial proceedings (Docket No. 12).  Three days later, the County filed the present motion (Docket No. 13).

### B. County's Motion for Judgment on Pleadings and Other Relief (Docket No. 13)

The County now moves to include extrinsic documents under Federal Rule of Civil Procedure 12(d) and consider dismissal of Plaintiff's Amended Complaint (with those documents) (Docket No. 13, Def. Memo. at 5-6).  These extrinsic documents are Plaintiff's grievance of his demotion and the letter from the Erie County Sheriff with the effective date of his termination (id. at 2; id., Def. Atty. Decl. ¶¶ 23-24, 26-27; Docket No. 5, Def. Atty. Decl., Ex. A, Grievance #2015-25, Ex. C, letter of Chief John Greenan to Plaintiff dated Aug. 18, 2016).  With inclusion of those documents, the County argues that its present motion for judgment on the pleadings (under Rule 12(c)) should be converted into

a motion for summary judgment under Rules 12(d) and 56 (<u>id.</u>, Def. Memo. at 6).  The County also submits its Rule 56 Statement (Docket No. 13, Def. Statement).

The County's substantive argument turns on Plaintiff's failure to name as a defendant his actual employer, Sheriff Howard.  The County denies employing, demoting, or terminating Plaintiff, that Sheriff Howard did (<u>id.</u>, Def. Memo. at 7).  Under New York State law, the Sheriff is a "constitutionally-authorized elected official," (<u>id.</u>), N.Y. Const. art. XIII, § 13(a); <u>see</u> N.Y. County Law § 400(1), and the Sheriff is empowered to hire staff, N.Y. County Law § 652(2).  Erie County Charter Article 21 provides that deputies and employees of the Erie County Sheriff are employed by the Erie County Sheriff, Erie County Code § 2103.  The County concludes that, under Rule 19 the Sheriff was a necessary party and, since he was not named, this action should be dismissed because the named defendant (Erie County) is not Plaintiff's employer (Docket No. 13, Def. Memo. at 7-8).  Joining the Sheriff now, however, would be futile because claims from 2015 against him are now time-barred under the three-year statute of limitations for civil rights claim under 42 U.S.C. § 1983 (<u>id.</u> at 8; <u>id.</u>, Def. Atty. Decl. ¶ 22).

According to the County's Statement of Facts (<u>id.</u>, Def. Statement), the Sheriff demoted Plaintiff due to Plaintiff's Facebook posts on August 17, 2015 (<u>id.</u> ¶ 1; <u>see also</u> Docket No. 15, Pl. Memo. at 2).  There, Plaintiff was accused of violating departmental policies for making a Facebook post saying, "he was going home and squeeze into some thight [sic] polyester pants just to make everyone feel better," and Plaintiff was demoted on August 17 for that post (Docket No. 5, Def. Atty. Decl., Ex. A, Grievance #2015-25).  Plaintiff grieved the demotion, arguing that the discipline was too harsh and without just

5

cause, pointing to lesser sanctions imposed upon other Jail Management Division deputies for their online posts (id.).

The date the Sheriff terminated Plaintiff was after further charges were lodged against Plaintiff and Plaintiff was effectively terminated on August 23, 2016 (Docket No. 13, Def. Statement ¶¶ 3, 4; Docket No. 5, Def. Atty. Decl., Ex. A, Grievance #2015-25, Ex. C, letter of John Greenan for Sheriff Howard to Plaintiff dated Aug. 18, 2016). This termination letter was on the Sheriff's letterhead and issued by the Sheriff's Chief of Administrative Services, John Greenan (Docket No. 13, Def. Statement ¶¶ 5, 6).

### C.  Responses and Reply to Present Motion

Plaintiff filed a five-page memorandum in response to the County's motion (Docket No. 15) but did not file a statement of facts regarding a converted summary judgment motion.  Plaintiff argues that the County's contention rests upon the fallacy that the County and the Sheriff are "not the same party in interest," which plaintiff vehemently denies (id., at 1).  "By operation of law, the county is the party in interest for any agency within it.  This includes the Sheriffs' [sic] Department" (id. (emphasis in original)).  Plaintiff cites no authority there for that proposition but a few pages later he quotes Judge Lawrence Vilardo's decision in Davis v. Erie County Sheriff Department, No. 17CV955, 2019 U.S. Dist. LEXIS 173798 (W.D.N.Y. Oct. 7, 2019), holding under New York County Law § 54 that the County "may be held liable for acts committed by the Sheriff and his deputies," 2019 U.S. Dist. LEXIS 173798, at *2 (emphasis removed) (id. at 3, 2).  Plaintiff denies that the Sheriff is a necessary party (id. at 2, 3), hence he does not address the statute of limitations for claims against the Sheriff.  Plaintiff contends that the County admits in its motion (Docket No. 13, Def. Statement ¶ 1; Docket No. 15, Pl. Memo. at 2) that the

6

Sheriff's Department deliberately injured Plaintiff by demoting him because of his Facebook posts (Docket No. 15, Pl. Memo. at 2), although that statement said that the Sheriff demoted Plaintiff (Docket No. 13, Def. Statement ¶ 1). Plaintiff concludes that the County's arguments are "unreasonable, vexatious and frivolous" and subject to sanction under Federal Rule of Civil Procedure 11 (although Plaintiff has not filed a separate motion for sanctions under that rule or served the requisite notice seeking the County's withdrawal of the offending motion prior to moving for sanctions, see Fed. R. Civ. P. 11(c)(2)) or 28 U.S.C. § 1927 (imposition of costs on attorney for vexatious litigation) (id. at 4). Plaintiff also did not object to conversion of the County's motion or inclusion of extrinsic material.

The County replies that Plaintiff has not objected to the County's Rule 56 Statement, thus the facts therein are not controverted (Docket No. 16, Def. Atty. Reply Decl. ¶ 2; id., Def. Reply Memo. at 3). The County contends Plaintiff misconstrues Davis and the County distinguishes that Title VII case where that plaintiff erroneously sued the Sheriff's Department rather than the suable entity, Erie County (id., Def. Atty. Reply Decl. ¶¶ 3-8, Exs. C-E; id., Def. Reply Memo. at 2-3). The County emphasized that Davis was a Title VII action (which would make the County a proper party) while this case is not (id., Def. Reply Memo. at 3), see, e.g. Sassaman v. Gamache, 566 F.3d 307, 315-16 (2d Cir. 2009) (individuals are not subject to liability under Title VII); 42 U.S.C. § 2000e(b) (defining "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees"). The County reaffirms that amendment to name Sheriff Howard now would be futile because of the statute of limitations (Docket No. 16, Def. Atty. Reply Decl. ¶ 9). Given the distinction between § 1983 alleged here and Title VII,

the County denies that the present motion is frivolous or sanctionable (Docket No. 16, Def. Reply Memo. at 3-4).

### III.   DISCUSSION

#### A.  APPLICABLE STANDARDS

##### 1.  Judgment on the Pleadings, Rule 12(c)

Rule 12(c) is codification of common law demurrer where the substantive merits of a claim or defense is resolved on the pleadings, see 5C Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure—Civil § 1367, at 205-06 (3d ed. 2004).  This rule is used when the material facts are not in dispute and judgment can be entered on the merits by focusing on the pleadings, exhibits thereto, matters incorporated by reference, and facts taken by the Court on judicial notice, see id. at 206-07.  A Rule 12(c) motion "has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court," id. at 208.

This Court is required to view the facts presented in the pleadings in the light most favorable to the nonmoving party, id., § 1368, at 227; see Patel v. Searles, 305 F.3d 130, 133-34 (2d Cir. 2002), cert. denied, 538 U.S. 907 (2003), here Plaintiff.  As would occur with a Rule 12(b)(6) motion, all well pleaded factual allegations in the Amended Complaint are assumed to be true and the County's contravening assertions are deemed to be false, 5C Federal Practice and Procedure, supra, § 1368, at 230; Patel, supra, 305 F.3d at 133-34; thus, the nonmovant "has the benefit of all possible favorable assumptions," 5C Federal Practice and Procedure, supra, § 1368, at 230, 237.  "[R]easonable inferences and intendments from these facts are drawn in favor of the nonmoving party," id. at 245.  Rule 12(c) standards are similar to those for a Rule 12(b)(6) motion, id. at 238;

8

<u>Oneida Indian Nation of N.Y. v. City of Sherill, N.Y.</u>, 337 F.3d 139, 152 (2d Cir. 2005). The movant, however, does not admit to portions of the pleadings that are conclusions of law, legally impossible facts, or matters that would not be admitted in evidence at trial, 5C <u>Federal Practice and Procedure</u>, <u>supra</u>, § 1368, at 243-44.  Given the limitations in Rule 12(c) and its focus on the allegations in pleadings, "the moving party always should consider employing a summary judgment motion rather than a motion for judgment on the pleadings," <u>id.</u> at 253.  A genuine material issue of fact in the pleadings will prevent successfully framing a Rule 12(c) motion, <u>id.</u> at 253, 255.

2.   Conversion of Rule 12(c) Motion into Summary Judgment Motion

Like accepting materials outside of the pleadings for Rule 12(b) motion, district courts have the discretion in a motion for judgment on the pleadings to accept additional materials and convert the motion into a motion for summary judgment, 5C <u>Federal Practice and Procedure</u>, <u>supra</u>, § 1370, at 267-68, 272-73.  Usually, submissions of affidavits and exhibits to establish that no material issues of fact exist result in the motion for judgment on pleadings converting into a summary judgment motion, <u>see id.</u> at 274-75.

If, as here, materials outside the pleadings are presented in a Rule 12(c) motion, and are not excluded by the Court, "the motion must be treated as one for summary judgment under Rule 56.  All parties must be given reasonable opportunity to present all material that is pertinent to the motion," Fed. R. Civ. P. 12(d).  Courts enjoy "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it," 5C <u>Federal Practice</u>

and Procedure, supra, § 1366, at 159; see Friedl v. City of N.Y., 210 F.3d 79, 83 (2d Cir. 2000); see also DiJoseph v. Erie County, 2020 WL 2126976, at *4 (Docket No. 9, Decision and Order at 8).  Courts will exercise this discretion and convert the motion when the proffered material "is likely to facilitate the disposition of the action," id. at 165.

### 3.  Summary Judgment Rule 56

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a).  A fact is "material" only if it "might affect the outcome of the suit under governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A "genuine" dispute, in turn, exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party," id.  In determining whether a genuine dispute regarding a material fact exists, the evidence and the inferences drawn from the evidence "must be viewed in the light most favorable to the party opposing the motion," Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970) (internal quotations and citations omitted).

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(a).  The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists.  In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the nonmovant.  Ford, supra, 316 F.3d at 354.

10

The Local Civil Rules of this Court require that movant and opponent each submit "a separate, short, and concise" statement of material facts, and if movant fails to submit such a statement it may be grounds for denying the motion, W.D.N.Y. Loc. Civ. R. 56(a)(1), (2). The movant is to submit facts in which there is no genuine issue, id. R. 56(a)(1), while the opponent submits an opposing statement of material facts as to which it is contended that there exists a genuine issue to be tried, id. R. 56(a)(2). Each numbered paragraph in the movant's statement will be deemed admitted unless specifically controverted by a correspondingly numbered paragraph in the opponent's statement, id. Absent such an opposing statement, the facts alleged by the movant are deemed admitted. Each statement of material fact is to contain citations to admissible evidence to support the factual statements and all cited authority is to be separately submitted as an appendix to that statement, id. R. 56(a)(3).

### 4.  Failure to State a Claim Standard, Rule 12(b)(6)

Defendant has moved to dismiss the Complaint on the grounds that it states a claim for which relief cannot be granted (Docket No. 13, Notice of Motion). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court cannot dismiss a complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, supra, 550 U.S. 554, a Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46); Hicks v. Association of Am. Med. Colleges, No. 07-00123, 2007 U.S.

11

Dist. LEXIS 39163, at *4 (D.D.C. May 31, 2007).  To survive a motion to dismiss, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level," Twombly, supra, 550 U.S. at 555; Hicks, supra, 2007 U.S. Dist. LEXIS 39163, at *5.  As recently reaffirmed by the Court in Ashcroft v. Iqbal, supra, 556 U.S. 662,

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Twombly, supra, 550 U.S.] at 570 . . . .  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556 . . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."' Id., at 557 . . . (brackets omitted)."

Iqbal, supra, 556 U.S. at 678 (citations omitted).

A Rule 12(b)(6) motion is addressed to the face of the pleading.  The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference.  Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985).  In considering such a motion, the Court must accept as true all the well pleaded facts alleged in the Complaint.  Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985).  However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true.  New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

5.  Necessary Party, Rule 19

Upon a motion to dismiss because of nonjoinder, which the County is making here, this Court first must determine whether the absent party is needed for a just adjudication of the action under Rule 19(a), 7 Charles A. Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice & Procedure—Civil § 1611, at 158 (3d ed. 2001).  If so, then this Court determines whether the missing party can be served or whether joining that party would deprive the Court of subject matter jurisdiction, id.  If joinder cannot be made, this Court then looks at Rule 19(b) and determine whether the action can proceed with only the parties before the Court or should it be dismissed because the absent party is deemed indispensable, id. at 162.   Rule 19(b) requires this Court to consider factors if an indispensable party cannot be joined whether "in equity and good conscience" the case should proceed.  Those factors include

> "(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> "(2) the extent to which any prejudice could be lessened or avoided by:
>
> > (A) protective provisions in the judgment;
> >
> > (B) shaping the relief; or
> >
> > (C) other measures;
>
> "(3) whether a judgment rendered in the person's absence would be adequate; and
>
> "(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder."

Fed. R. Civ. P. 19(b).

"If the court concludes the action should not go forward without a person described in Rule 19(a) after a careful consideration of the factors listed in subdivision (b), the absentee is then regarded as indispensable and the action typically will be dismissed,"

13

7 <u>Federal Practice and Procedure</u>, <u>supra</u>, § 1611, at 164.  Nonjoinder has been seen as

ousting the Court of jurisdiction, <u>id.</u> at 166.  Since indispensability is an equitable concept,

courts "will not dismiss for nonjoinder when special circumstances would make it

inequitable to do so," <u>id.</u> at 169.

### 6.   Civil Rights Statute of Limitations

An action under 42 U.S.C. § 1983 has a three-year limitations period, <u>Melendez v.</u>

<u>Schneidermann</u>, No. 13CV622, 2014 WL 2154536, at *11 (N.D.N.Y. May 22, 2014)

(Report & Recommendation, Baxter, Mag. J., adopted by Sharpe, C.J.).  Federal courts

borrow state law personal injury statutes of limitations for § 1983 civil rights actions,

<u>Wilson v. Garcia</u>, 471 U.S. 261, 276 (1985), in New York State the analogous limitations

period is three years, <u>Owens v. Okure</u>, 488 U.S. 235, 250-51 (1989); <u>see</u> N.Y.

CPLR 214(5).  "Thus, unless the limitations period is tolled for some reason, a plaintiff

must file his section 1983 civil rights action within three years of the accrual of each cause

of action," <u>Melendez</u>, <u>supra</u>, 2014 WL 2154536, at *11.  Accrual is determined, however,

under federal law, <u>Covington v. City of N.Y.</u>, 171 F.3d 117, 121 (2d Cir. 1999), and as

such a cause of action accrues "when 'the plaintiff knows or has reason to know of the

injury which is the basis of his action,'" <u>Melendez</u>, <u>supra</u>, 2014 WL 2154536, at *11,

quoting <u>Singleton v. City of N.Y</u>, 632 F.3d 185, 191 (2d Cir. 1980) (internal quotation

marks omitted).  State tolling rules still determine whether limitations periods have been

tolled, <u>Abbas v. Dixon</u>, 480 F.3d 636, 641 (2d Cir. 1997); <u>Melendez</u>, <u>supra</u>, 2014 WL

2154536, at *11.

B.  Consideration of Extrinsic Materials and Conversion to Summary Judgment

First, this Court determines what type of dispositive motion is presented here.  The County filed a motion for judgment on the pleadings (Docket No. 13).  Usually (as the title suggests) this motion is focused on the Amended Complaint and Answer since a motion for judgment on the pleading focuses on the four corners of the pleadings.  The County also moves for leave to include extrinsic materials to these pleadings and convert the motion from a Rule 12 motion into a Rule 56 motion for summary judgment.  Plaintiff is on notice about the extrinsic material (in fact, the County first introduced it in its first motion to dismiss, Docket No. 5) and the desire to convert the Rule 12 motion into a summary judgment motion.  The County also furnished a Rule 56 Statement of Material Facts (Docket No. 13-3) and exhibits that refer back to the first motion to dismiss (Docket No. 5).  Plaintiff has not opposed (or really addressed) these procedural motions.

Unlike when the County attempted to add this extrinsic material with its denied motion to dismiss the original Complaint (Docket No. 9, Decision & Order at 10-13, 2020 WL 2126976, at *5-6), the County has answered (Docket No. 11) Plaintiff's Amended Complaint (Docket No. 10).  Under Rule 12(c), the extrinsic materials here also could be produced to show that there are no material issues of fact.  This Court thus has the discretion to allow a defendant (while moving to dismiss) to add additional, relevant documents not included with the Amended Complaint (or the Answer).

Thus, the County's motion to incorporate extrinsic material is **granted.**

C. Conversion of the Motion for Judgment on the Pleadings into one for Summary Judgment, Rule 12(d)

When conversion from a Rule 12 motion is granted, a plaintiff is to be afforded the opportunity to present materials pertinent to a summary judgment motion, Fed. R. Civ. P. 12(d).  Here, Plaintiff was on notice from the first round of the motion to dismiss of the County's intention to bring in the extrinsic material (the grievance of Plaintiff's demotion) and to apply it as a summary judgment motion to dismiss the case.  Plaintiff in responding to the present defense motion could have argued for notice or more time to respond or the necessity of discovery to respond; instead, Plaintiff briefly argued the law and relied on the County's factual recitation.

For purposes of the County's now summary judgment motion, this Court also considered the moving papers from the County's earlier motion to dismiss (Docket No. 5), with the County attorney's Declaration, attached exhibit, and counsel's review of the personnel record and reply affidavit from chief of the Sheriff's Department administrative services John Greenan also attesting to the contents of the personnel records (Docket No. 8, Aff. of John Greenan ¶¶ 8-9), confirming plaintiff's inaction after his termination. Plaintiff in his response (cf. Docket No. 15, Pl. Memo.) failed to submit a counterstatement of facts or even his opposing affidavit with exhibits; he relies upon the County's statement, arguing that it shows "the Sheriff's Department deliberately injured Plaintiff by demoting him from the rank of sergeant because of his 'facebook posts'" (id. at 2).

As alleged and briefed, there are no material issues of fact.  The County's motion (Docket No. 13) to convert its motion for judgment on the pleadings into a summary judgment motion also is **granted**.

16

D.  Motion for Summary Judgment for Failure to State a Claim

As so converted, the County seeks dismissal of this case because Plaintiff named the County and not the Sheriff and the time to add the Sheriff as a necessary party is barred by the statute of limitations.  Plaintiff denies that the Sheriff is a necessary party, deeming him and the County as being equivalent.  Deciding this issue requires analysis of the New York State Constitution, the New York County Law, and the relationship of the Sheriff to the County.

A sheriff is an elected county officer, N.Y. Const. art. XIII, § 13(a); N.Y. County Law § 180 (c. 1940); Liquifin Aktiengesellaschaft v. Brennan, 446 F. Supp. 914, 918 (S.D.N.Y. 1978) ("Brennan") (citing Enstrom v. New York, 258 A.D. 672, 675, 17 N.Y.S.2d 964, 967 (2d Dep't 1940) and County Law § 180); see also Erie County Charter § 2101. The sheriff has different roles; the sheriff is a judicial officer, in common law the sheriff is an officer of the court and conservator of the peace within their county, N.Y. County Law § 650; Brennan, supra, 446 F. Supp. at 918.  The sheriff also is a local officer, the elected law enforcer in the county, performing "such additional and related duties as may be prescribed by law and directed by the . . . county legislature," N.Y. County Law § 650. The sheriff also serves as a state officer for specific purposes, see 85 N.Y. Jur. 2d Police, Sheriff, and Related Officers § 68 (2020).

Under New York State Constitution article XIII, § 13(a), a county cannot be made liable for the acts of its sheriff, Hall v. County of Monroe, 110 A.D.2d 1088, 488 N.Y.S.2d 940 (4th Dep't 1985); Stalteri v. County of Monroe, 107 A.D.2d 10781, 486 N.Y.S.2d 555 (4th Dep't 1985); Wilson v. Sponable, 81 A.D.2d 1, 11, 439 N.Y.S.2d  549, 555 (4th Dep't 1981), appeal dismissed, 54 N.Y.2d 834 (1981).  In Barr v. County of Albany, 50 N.Y.2d

17

247, 257, 428 N.Y.S.2d 665, 670 (1980), the New York State Court of Appeals recognized that a county by local law may assume responsibility for the tortious acts of its deputy sheriffs as distinct from the acts of the Sheriff.

Erie County enacted a local law that indemnifies employees (including Sheriff's Department) for actions taken in the course of their employment, see Saleh v. County of Erie, No. 12CV468, 2015 U.S. Dist. LEXIS 47166, at *19-20 (W.D.N.Y. Apr. 10, 2015) (Skretny, J.) (citing Erie County Legislature Resolution of Oct. 14, 1984, Comm. 14D-55); see also Saleh, No. 12CV468, Docket No. 35, Erie County Defs. Memo. of Law at 35 (1984 Erie County resolution was for indemnification only), while denying that the County intended to assume vicarious liability by that enactment, Saleh, supra, 2015 U.S. Dist. LEXIS 47166, at *19; see Villar v. County of Erie, 126 A.D.3d 1295, 1296-87, 5 N.Y.S.3d 747, 748 (4th Dep't 2015) (no local law in Erie County for County being held responsible for actions of Sheriff or deputies on the theory of respondeat superior).  The Court placed the burden on that plaintiff to establish that the County assumed this liability, so those claims were dismissed absent proof of the County assumption of liability, Saleh, supra, 2015 U.S. Dist. LEXIS 47166, at *21.

In 1989, article XIII, § 13(a), was amended to delete the sentence "But the county shall never be made responsible for the acts of the sheriff."  The Fourth Department, in Marashian v. City of Utica, 214 A.D.2d 1034, 1034, 626 N.Y.S.2d 646, 647 (1995), held that this 1989 amendment "merely allows a county to accept responsibility for the negligent acts of the Sheriff; it does not impose liability upon the county for the acts of the Sheriff or his deputies on a theory of respondeat superior."  See also Morey v. County of Erie, 117 A.D.3d 1381, 1385, 984 N.Y.S.2d 706, 709 (4th Dep't 2014) (denying county

had vicarious liability for the conduct of deputy when that liability was not assumed by local law). Thus, counties can enact local laws to be responsible for the acts of its sheriffs, but that obligation does not arise on a theory of respondeat superior, e.g., Jones v. Seneca County, 154 A.D.3d 1349, 1349-50, 63 N.Y.S.3d 620, 622 (4th Dep't 2017) (citing cases); Saleh, supra, 2015 U.S. Dist. LEXIS 47166, at *19. Thus, there is a distinction between indemnification of County employees and accepting responsibility for those employees' actions under a respondeat superior theory.

In Villar v. Howard, 28 N.Y.3d 74, 78, 79, 41 N.Y.S.3d 460, 461, 462 (2016), the Court of Appeals held there was no statutory obligation for Erie County to indemnify the Sheriff under General Municipal Law § 50-e(1)(b) (to then require service of a notice of claim against the County or Sheriff); see Mosey, supra, 117 A.D.3d at 1385, 984 N.Y.S.2d 706. This was despite the County being obligated to defend and indemnify Sheriff's Department employees pursuant to the collective bargaining agreement, Villar, supra, 28 N.Y.3d at 79, 41 N.Y.S.3d at 462; see also Docket No. 5, Def. Atty. Decl. Ex. B, Collective Bargaining Agreement between Erie County and Teamsters Local 264, 2005-2016 at 1, 37, 39 (CBA for Sheriff's Department employees). The County cannot be held vicariously liable for the negligent acts of the Sheriff or his deputies, Villar v. Erie County, supra, 126 A.D.3d at 1296-97, 5 N.Y.S.3d at 748; Johanson v. County of Erie, 134 A.D.3d 1530, 1531, 22 N.Y.S.3d 763, 765 (4th Dep't 2015).

The Amended Complaint here alleges that Erie County employed Plaintiff and that Sheriff Howard and Superintendent Diina were officers of the County, hence the County demoted and terminated him (see Docket No. 10, Am. Compl. ¶¶ 7, 16, 19, 20, 24

(defendant County, "through the actions of Superintendent Diina, and Sheriff Howard," deprived Plaintiff of his due process rights), 30, 32, 39, 46)).

In Davis, Magistrate Judge Michael Roemer found that defendant Erie County Sheriff's Department was not a separate (or suable) legal entity from Erie County and, rather than dismiss on this ground, recommended that Erie County be substituted for the named department, 2019 U.S. Dist. LEXIS 173798, at *2, 3 (see also Docket No. 16, Def. Atty. Decl. ¶ 5, Ex. D, copy of Report & Recommendation, at 11); Loria v. Town of Irondequoit, 775 F. Supp. 599, 606 (W.D.N.Y. 1990) (Telesca, J.) (under New York law, citing cases, police department held to be mere administrative arm of the municipal corporation and without capacity to sue and be sued).  Defendant Sheriff's Department objected, arguing that Erie County could not substitute for the department, 2019 U.S. Dist. LEXIS 173798, at *2, because the Sheriff (and not the County) hires, trains, or supervises deputies, id. at *3, and there is no vicarious liability between the County and the Sheriff and his deputies, id.  Judge Vilardo accepted and adopted Magistrate Judge Roemer's recommendation, id.  Defendant Sheriff's Department cited to a portion of County Law § 54 to deny vicarious liability[2], but Judge Vilardo noted the sentence not cited which made claims excluded against the agency head a claim against the County, id. at *4.  This sentence of section 54 provides that

> "Any lawful claims which but for this section would be claims against such head of an agency, department, bureau, or office shall be lawful claims against the county and shall be deemed to be the liability of the county."

---

[2]No head of any agency, department, bureau, or office of a county shall be liable to respond in damages to the county or to any other person for any act or omission of any employee of the county employed within the agency, department, bureau, or office of which he is such head.  N.Y. County Law § 54; Davis, supra, 2019 U.S. Dist. LEXIS 173798, at *3.

N.Y. County L, § 54; <u>see</u> <u>Davis</u>, <u>supra</u>, 2019 U.S. Dist. LEXIS 173798, at *4 (emphasis added).  Judge Vilardo then concluded "thus, by the plain text of the statute, the county may be held liable for acts committed by the Sheriff or his deputies," <u>Davis</u>, <u>supra</u>, 2019 U.S. Dist. LEXIS 173798, at *4.   Furthermore, for a Title VII action, Judge Vilardo held that the County (and not the Sheriff) was the proper defendant, citing cases in this Court that found individual defendants are not subject to liability under Title VII, <u>id.</u> (citing <u>Kretzmon v. Erie County</u>, No. 11CV704, 2013 U.S. Dist. LEXIS 23270, at *13 (W.D.N.Y. Feb. 20, 2013) (Arcara, J.); <u>see</u> <u>Sassaman</u>, <u>supra</u>, 566 F.3d at 315-16; <u>see also</u> <u>Brown v. County of Erie</u>, No. 12CV251, 2013 U.S. Dist. LEXIS 32507, at *6-7 (W.D.N.Y. Mar. 8, 2013) (Arcara, J.) (allowing Title VII claim against Erie County and dismissing redundant claim against the Sheriff's Department, since department was not a suable entity)).  Judge Vilardo also rejected the County's attempt to distance itself from the Sheriff's Department despite the County's argument that the department was not a separate legal entity, <u>Davis</u>, <u>supra</u>, 2019 U.S. Dist. LEXIS 173798, at *4-5.

<u>Davis</u> is distinguishable here because that case is a Title VII action which cannot be alleged against individuals and this case is under 42 U.S.C. § 1983 and could be named against individuals (such as the Sheriff).  Plaintiff here also never named the Sheriff's Department as a party requiring this Court to identify the County as the real suable party in interest.

Plaintiff has argued that the proper party is Erie County because, under County Law § 54, any claim that can be lodged against the head of a department (here, the Sheriff) is lawfully against the County (Docket No. 15, Pl. Memo. at 3).  Here this Court differs from Judge Vilardo.  The County's relationship with the Sheriff historically is more

complicated than simply assigning department head liability to the municipal government under the County Law.  The State Constitution's long time exclusion of County responsibility or liability for its Sheriff's acts (cf. N.Y. Const. art. XIII, § 13(a) (1988)) now is manifest in allowing a County to opt-in and agree to be responsible for such liability by enactment of local law, Marashian, supra, 214 A.D.2d at 1034, 626 N.Y.S.2d at 647. Plaintiff has not alleged that Erie County has enacted a local law adopting respondeat superior liability here and, as noted above, courts have held that no such Erie County local law exists.  The only local law Erie County has enacted is an indemnification provision and not one adopting vicarious liability, Saleh, supra, 2015 U.S. Dist. LEXIS 47166, at *19.  Plaintiff has not established the County's assumed vicarious liability, see id. at *21.

The County in this case cites to Article XIII, § 13(a), of the State Constitution, County Law §§ 400(1) and 652(2) identifying the Sheriff as a constitutionally authorized officer who hires his own staff (Docket No. 13, Def. Memo. at 7).  The County also references its County Charter § 2103 and Article 15 of its Code which reaffirms that Sheriff's deputies and Sheriff's Department staff are employees of the Sheriff (id.).  Erie County Charter § 2103 provides that employees of the Erie County Sheriff's Office are in the classified service under New York State Civil Service Law.  Erie County Code § 15.03 states that the Sheriff appoints the undersheriff and such deputies, other clerks and employees within the limits of appropriations therefor.  Those appointed by the Sheriff "serve during the pleasure of the sheriff," Erie County Code § 15.03(e) (cf. Docket No. 5, Def. Atty. Aff. Ex. B, collective bargaining agreement Art. 2 (preservation of management rights)).

Thus, in this case there is defendant Erie County, its non-suable (and not named in this action) Sheriff's Department, and the Sheriff himself (also not named as a defendant), and employees within the Sheriff's Department (none of which also were named as defendants).  The County is liable for its own actions and (by local law and collective bargaining agreement) defends and indemnifies the Sheriff's Department employees, N.Y. County L. § 409(1); see Saleh, supra, 2015 U.S. Dist. LEXIS 47166, at *19; 85 N.Y. Jur. 2d Police, Sheriff, and Related Officers § 142.

The issue then is whether the Sheriff, as employer of Plaintiff and Sheriff's Department staff, is a necessary party under Rule 19.  Plaintiff alleges in the Amended Complaint that the Defendant County demoted and later terminated him (Docket No. 10, Am. Compl. ¶¶ 7-8, 10-11).  In the First Cause of Action, Plaintiff claims that "the County, through the actions of Superintendent Diina, and Sheriff Howard deprived Plaintiff of his property interest in continued employment" by demotion, deprivation of a hearing, lodging additional charges, and termination (id. ¶ 24).  As for Plaintiff's termination, he alleges that the County terminated him and only names Superintendent Diina by name but without stating Diina's role in the termination (id. ¶¶ 28-48, 32).  Plaintiff, however, was placed on leave without pay on September 21, 2015, and if Plaintiff was unable to return to full duty within one year of commencement of leave, or by August 24, 2016, he would be terminated (Docket No. 5, Def. Atty. Decl. Ex. C, John Greenan letter of Sept. 21, 2015, at 1, 2) and was so terminated on August 23, 2016 (id., Ex. C, Greenan letter of Aug. 18, 2016).  If this correspondence serves as Plaintiff's termination, the only person named is Greenan, a Sheriff's Department official indemnified by the County but who signed on behalf of Sheriff Howard.

23

The County argues that the demotion and termination decisions were "made by or on behalf of the Sheriff of Erie County," hence making him a necessary party (Docket No. 13, Def. Memo. at 7) coupled with its argument that the County never employed Plaintiff, but the Sheriff did (id.).  The Sheriff employed Plaintiff as a deputy, but Plaintiff was paid by funds appropriated by Erie County, see Erie County Code § 15.03(a) (appointments "within the limits of the appropriations therefore").

This turns on the effect of the Erie County Code provision that appointees of the Sheriff "shall serve during the pleasure of the sheriff," id.  Usually service at the pleasure of an employer means the ability of that employer to terminate employment, e.g., Catletti ex rel. Estate of Catletti v. Rampe, 334 F.3d 225, 227 (2d Cir. 2003).  Service at pleasure also extends to personnel decisions short of termination, such as demotion.  In Forrester v. White, 484 U.S. 218, 220-21 (1987), in deciding the scope of judicial immunity for administrative decisions, the Court considered the complaint of a probation officer challenging her demotion by the judge who appointed her where that probation officer served at the pleasure of the appointing judge.

The pleadings and the supplemental materials submitted in this case raise as issues of fact as to who demoted and later actually terminated Plaintiff.  Again, under the Erie County Code appointees of the Sheriff serve at his pleasure, Erie County Code § 15.03(e).  Appointment, reassignment, promotion, demotion, and ultimately termination is exclusively within the Sheriff's purview.  Therefore, as the County asserts, the demotion and termination were either by the Sheriff or at his behest.  As a result, the County (absent a local law agreeing to assume liability for the Sheriff's actions) is not the proper defendant and Sheriff Howard is a necessary party the First Cause of Action.  As the County argues,

raising that claim now would be time barred by the three-year statute of limitation for civil rights claim.

Applying the Rule 19(b) factors to determine if this action should still survive despite missing the indispensable party, although the County Attorney would represent the Sheriff if he were named, the Sheriff would be prejudiced if this action were to continue to judgment against the County for the Sheriff's actions.  Absent enacting a local law, the County cannot be held liable for the personal actions of the Sheriff.  Thus, both the Sheriff and the County would be prejudiced if this action proceeds without the Sheriff as a defendant.  It is not clear what alternative measures could be taken to avoid this prejudice or to mitigate its effect.  Given the running of the statute of limitations, however, Plaintiff would lack an adequate remedy against the Sheriff had Plaintiff now commenced a separate action against him.  Equitably and in good conscience this action **should not proceed absent the true appointing authority, Sheriff Howard**.  There are no special circumstances that would make dismissal of this case inequitable because of indispensability, see 7 Federal Practice and Procedure, supra, § 1611, at 169.

Further, from the extrinsic evidence (Docket No. 5, Def. Atty. Decl. Ex. C; see Docket No. 8, Aff. of John Greenan ¶ 7) of the notices regarding Plaintiff's grant of leave without pay and potential termination (submitted without objection), Plaintiff was granted unpaid leave on September 2015 (a month after his demotion grievance, cf. Docket No. 5, Def. Atty. Decl. Ex. A; Docket No. 8, Greenan Aff. ¶ 4) and was notified that, barring submitting proof of illness, Plaintiff either had to return to full duty without restrictions or face termination.  Further, Plaintiff was notified that if Plaintiff was unable to return to full duty within one year of commencing leave, or by August 24, 2016, he would be

terminated.  (Docket No. 5, Def. Atty. Decl. Ex. C, Sept. 21, 2015, and Oct. 20, 2015, letters; Docket No. 8, Greenan Aff. ¶ 7.)  The record here does not indicate that Plaintiff notified the Sheriff's Department of his medical status, that he returned to full duty, or that he filed his objection to the proposed termination in 2016 (see Docket No. 8, Greenan Aff. ¶¶ 8-9).  On August 18, 2016, Plaintiff was notified by Greenan for Sheriff Howard that Plaintiff was "administratively terminated" effective August 23, 2016 (Docket No. 5, Def. Atty. Ex. C, Aug. 18, 2016, letter).  It appears that this termination is unrelated to Plaintiff's demotion; Plaintiff merely alleges that he was demoted and (months later) terminated implying the two events were connected.  But this Court need not rest upon this since aspects of this termination have not been fleshed out, there has been no discovery in this case, and this motion can be disposed of based upon the indispensable party, Sheriff Howard.

With the Sheriff responsible ultimately for Plaintiff's demotion and termination, his First Cause of Action alleged only against Erie County is **dismissed** and the County's converted motion for summary judgment (Docket No. 13) is **granted**.

As for the Second Cause of Action, Plaintiff alleges that he was demoted due to "Facebook posts" (id. ¶¶ 29-48), that he was a United States citizen denied of his right to freedom of speech (id. ¶¶ 31, 33, 35-47).  Plaintiff admits that he authored these posts (id. ¶ 38) but did not attach the Facebook posts.  The grievance letter now before this Court (Docket No. 5, Def. Atty. Decl. Ex. A) references a statement in an undated Facebook posting that Plaintiff was "going home and squeeze into some [tight] polyester pants just to make everyone feel better" (id. Docket No. 5, Def Atty. Decl. Ex. A at 1; see

Docket No. 7, Pl. Memo. at page 19 of 20).  Again, that grievance letter did not include a copy of the post or refer to other posts.

While this presents various issues of fact (what post led to the adverse action against Plaintiff; did they mention his employment with the Sheriff's Department, which he denies, Docket No. 10, Am. Compl. ¶ 43), the threshold matter is whether defendant Erie County employed Plaintiff and demoted him.  As discussed regarding the First Cause of Action, the Sheriff (and not the County) employed and demoted Plaintiff and, absent a local law indemnifying him, the County is not responsible for the Sheriff's alleged tort.  Therefore, the County's motion for summary judgment as to the Second Cause of Action also is **granted**.

### E.  Plaintiff's Sanctions Request

In his response, Plaintiff argued that sanctions under either Rule 11 or 28 U.S.C. § 1927 should be imposed against the County's motion (Docket No. 15, Pl. Memo. at 4). Given the disposition of the County's motion (cf. Docket No. 16, Def. Reply Memo. at 3-4) and the absence of a formal Rule 11 sanctions motion, including the predicate notice to the County asking for withdrawal of the motion and the cooling off period before moving for sanctions, see Fed. R. Civ. P. 11(c), that request is **denied**.

### IV.    CONCLUSION

Unlike the County's first attempt to introduce the extrinsic grievance material in its motion to dismiss (Docket No. 5), this Court **grants** Defendant Erie County's current Motion (Docket No. 13) to include extrinsic materials for its Motion for Judgment on the Pleadings (id.) and **converts** that motion into a Motion for Summary Judgment.

27

As so converted, defendant County's Motion for Summary Judgment (id.) is **granted, dismissing both the First Cause of Action and the Second Cause of Action**. Plaintiff's purported application for sanctions for the County's frivolous motion (Docket No. 15, Pl. Memo. at 4) is **denied**.

## V.      ORDERS

IT IS HEREBY ORDERED, that the Defendant Erie County's Motion (Docket No. 13) to consider extrinsic evidence pursuant to Rule 12(d) is GRANTED; its Motion to convert its Motion for Judgment on the Pleadings (id.) into one for Summary Judgment per Rule 12(c) is also GRANTED,

FURTHER, that Defendant Erie County's converted Motion for Summary Judgment dismissing this case for failure to state a claim (id.) is GRANTED,

FURTHER, the Clerk of Court is directed to close this case.

SO ORDERED.


Dated:       July 21, 2020
             Buffalo, New York


                                            s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge